**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **XIUMEI QIAN,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2712-KC** |
| | § | |
| **MARKWAYNE MULLIN, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Xiumei Qian's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Qian is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 8. She argues that her detention is unlawful and asks the Court to order her release, or, in the alternative, a bond hearing. *Id.* at 7.

Qian, a citizen of China, claims she entered the United States on February 2, 2026. *Id.* ¶ 1. Respondents claim that Qian entered the United States on or about December 10, 2019, on a non-immigrant visa, with authorization to remain until August 1, 2026. Resp. 4, ECF No. 3; Ex A ("Notice To Appear"), ECF No. 3-1. On July 13, 2026, she filed an application of asylum. Pet. ¶ 1. Qian was detained by immigration authorities on August 3, 2026. *Id.* On October 27, 2026, she appeared for a custody determination hearing before an immigration judge ("IJ"), at which she was denied bond on flight risk grounds. Resp. 4; *id.* Ex. D ("IJ Order"), ECF No. 3-4. She is in ongoing removal proceedings. Resp. 8.

When a petitioner has already received an individualized custody determination, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that an alien is a flight risk or danger and therefore should be denied bond. *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668,

678–79 (W.D. Tex. 2025) (citation omitted). In other words, whether the Court agrees with the IJ's determination regarding Qian's risk of flight is of no importance—it simply lacks the power to review that determination. This conclusion stands regardless of whether Qian entered in February, as she claims, or nearly seven years ago, as Respondents claim. Either way, she has had a bond hearing that this Court cannot review.

Qian is also not subject to a final order of removal, which would trigger a new claim and different reasonableness standard for prolonged detention. *See generally* Pet.; Resp.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, her Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 19th day of November, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE